## BEATRICE B. LOUDEN v. MINNESOTA MASONIC HOME AND ANOTHER.[1]

July 15, 1927.

No. 25,986.

**Denial of award for being shot by employe sustained.**

The record presents nothing justifying a reversal of a finding that the fatal shooting of an employe by a fellow employe was for reasons personal to the victim and not because he was an employe and because of his employment.

Workmen's Compensation Acts—C. J. p. 80 n. 21; p. 115 n. 37; p. 122 n. 40.

---

See note in 15 A. L. R. 594; 21 A. L. R. 760; 29 A. L. R. 441; 40 A. L. R. 1126.

Certiorari to review an order of the industrial commission denying compensation for the death of relator's husband. Affirmed.

*Hugo V. Koch* and *Norbert L. Wilson,* for relator.

*Lancaster, Simpson, Junell & Dorsey* and *Leavitt R. Barker,* for respondents.

PER CURIAM.

Certiorari to review an order of the industrial commission denying compensation for the death of relator's husband, who died from wounds inflicted by a fellow employe while they were both employed on the premises of the Minnesota Masonic Home.

Louden, Husome and King were fellow employes. On the morning of October 26, 1926, King, apparently as the result of sudden insanity, shot and killed the other two. Extended statement is unnecessary, for there is nothing in the record which enables us to reverse the finding of the industrial commission to the effect that the injuries were intentionally inflicted by another "because of reasons personal" to the victim, and "not directed against him as

[1]Reported in 215 N. W. 204.

an employe, or because of his employment." G. S. 1923, § 4326(j). However insane the murderer may have been, it is clear that he intentionally shot Louden. But whatever his intention, there appears to be nothing to suggest and certainly there is nothing to compel a finding that the common employment of the men or anything connected with it furnished provocation or occasion for the shooting. So it is not for us to say that the industrial commission should have found either that the occurrence was due to reasons not personal to the deceased or that he was shot as an employe and because of his employment. It is enough that the contrary finding has ample support in the evidence.

The foregoing makes unnecessary any consideration of the question whether the deceased at the time of his fatal injury was a farm laborer within the meaning of G. S. 1923, § 4268, exempting farm laborers from the operation of the workmen's compensation law.

Order affirmed.